UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GILDARDO ANGEL and DOMINGO TEOFILO,<br><br>Plaintiffs,<br><br>-against-<br><br>AFGHAN KEBAB HOUSE I INC. and MOHAMMAD K. ROUZYI, individually,<br><br>Defendants. | **COMPLAINT**<br><br>Docket No.: 19-cv-11347<br><br>Jury Trial Demanded |

GILDARDO ANGEL and DOMINGO TEOFILO, (collectively, where appropriate, as "Plaintiffs"), by and through their attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for their Complaint against AFGHAN KEBAB HOUSE I INC. ("Afghan") and MOHAMMAD K. ROUZYI, individually, (collectively, where appropriate, as "Defendants"), allege upon knowledge as to themselves and their own actions and upon information and belief as to all other matters as follows:

**NATURE OF CASE**

1.     This is a civil action for damages and equitable relief based upon willful violations that Defendants committed of Plaintiffs' rights guaranteed to them by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160; N.Y. Comp. Codes R. & Regs. ("NYCRR"), tit. 12, § 146-1.4; (iii) the minimum wage provisions of the FLSA, 29 U.S.C. § 206(a); (iv) the minimum wage provisions of the NYLL, NYLL § 652(1), 12 NYCRR § 146-1.2; (v) the NYLL's

1

requirement that employers pay their employees an additional one hour's pay at the minimum wage rate when their employees' spread of hours worked exceeds ten in a workday, NYLL § 652; 12 NYCRR § 146-1.6; (vi) the NYLL's requirement that employers furnish employees with wage statements containing specific categories of accurate information on each payday, NYLL § 195(3); (vii) the NYLL's requirement that employers furnish employees with a wage notice containing specific categories of accurate information at the time of hire, NYLL § 195(1); and (viii) any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiffs Angel and Teofilo both worked for Defendants - - a corporation that operates an Afghani restaurant in Manhattan and its Chief Executive Officer ("CEO") who runs the business on a daily basis - - as cooks and delivery bikers, from June 14, 2017 until September 23, 2018, and June 14, 2017 to June 22, 2018, respectively. As described below, throughout their employment, Defendants willfully failed to pay Plaintiffs the wages lawfully due to them under the FLSA and the NYLL. Specifically, during their respective tenures of employment, although their exact hours varied from week-to-week, Defendants routinely required Plaintiffs to work beyond forty hours in a workweek but paid them a flat weekly salary that covered only their first forty hours of work in a week, and thus failed to compensate them at any rate of pay, much less at the statutorily-required overtime rate for any hours that they worked per week in excess of forty. Additionally, Defendants failed to pay Plaintiffs at least at the FLSA's and the NYLL's statutorily required minimum wage rate for all hours worked.

3. Furthermore, in violation of the NYLL, Defendants failed to pay Plaintiffs a spread of hours premium on those days when Plaintiffs' shifts exceeded ten hours from beginning to end, and also failed to provide Plaintiffs with accurate wage statements on each payday or any wage notices at the time of their hire.

2

## JURISDICTION AND VENUE

4. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201 *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

5. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this judicial district.

## PARTIES

6. At all relevant times herein, Plaintiffs worked for Defendants in New York and were both "employees" entitled to protection as defined by the FLSA, the NYLL, and the NYCRR.

7. At all relevant times herein, Defendant Afghan was and is a New York corporation with its principal place of business located at 764 9th Avenue, New York, New York 10019.

8. At all relevant times herein, Defendant Rouzyi was the CEO of Afghan, who in that role personally managed and oversaw its day-to-day operations, and was ultimately responsible for all matters with respect to determining employees' rates and methods of pay and hours worked. Furthermore, Rouzyi had and exercised the power to hire and fire and approve all personnel decisions with respect to Afghan's employees. Indeed, Rouzyi personally made the decision to hire and fire Plaintiffs and personally set their wages and work schedules.

9. At all relevant times herein, both Defendants were "employers" within the meaning of the FLSA and the NYLL. Additionally during all relevant times, Afghan's qualifying annual business exceeded $500,000, and Afghan was engaged in interstate commerce within the meaning of the FLSA, as it employed two or more employees and operated a business that purchased and

sold food products that moved across state lines, accepted payments in cash that naturally moved across state lines, and accepted credit cards as a form of payment based on cardholder agreements with out-of-state companies, the combination of which subjects Afghan to the FLSA's overtime and minimum wage requirements as an enterprise.

## BACKGROUND FACTS

**Allegations Common to both Plaintiffs:**

10. Afghan is a New York corporation that operates a restaurant located at 764 9th Avenue, New York, New York, which serves traditional Afghani cuisine.

11. Defendant Rouzyi is the CEO of Defendant Afghan who oversees Afghan's operation of the restaurant on a daily basis, including with respect to all employee personnel decisions.

12. On June 14, 2017, Rouzyi, on behalf of Defendants, hired both Plaintiffs to work at Defendants' restaurant as cooks and delivery bikers.

13. As cooks and delivery bikers, Plaintiffs' main duties were preparing food and making approximately eight-to-nine deliveries per day.

14. Plaintiff Angel worked for Defendants in that role until September 13, 2018, while Plaintiff Teofilo worked for Defendants in that role until June 22, 2018, on which dates Defendant Rouzyi, on behalf of Defendants, respectively terminated their employment.

15. Throughout their employment, as detailed below, both Plaintiffs regularly worked shifts in which the spread of hours from the beginning to the end of their shifts exceeded ten. However, for those days, Defendants failed to compensate Plaintiffs with an additional hour's pay at the applicable New York minimum wage rate.

16. Defendants paid Plaintiffs on a weekly basis.

17. On each occasion when they paid Plaintiffs, Defendants failed to provide Plaintiffs with a wage statement that accurately listed, *inter alia*, Plaintiffs' actual hours worked for that week and/or their straight and overtime rates of pay for all hours worked.

18. Additionally, Defendants failed to provide Plaintiffs with any wage notice at the time of their hire, let alone a notice that accurately listed, *inter alia*: Plaintiffs' regular and overtime rates of pay and basis thereof; their regular payday; their employers' name, physical address of their main office, mailing address if it differs, and telephone number; and any "doing business as" names used by their employer.

19. Defendants acted in the manner described herein so as to maximize their profits while minimizing their labor costs and overhead.

20. Each hour that Plaintiffs worked was for Defendants' benefit.

**Allegations Specific to Plaintiff Angel:**

21. Throughout Plaintiff Angel's employment, Defendants scheduled Angel to work weekly schedules set in advance, however, his actual start and stop times varied from day-to-day and were only loosely related to his pre-scheduled hours. Specifically, from the beginning of his employment on June 14, 2017 until January 12, 2018, Defendants scheduled Angel to work, and he did generally work, from 11:00 a.m. to 11:00 p.m., without a scheduled or uninterrupted break during his shift, from Tuesday through Sunday each week with Mondays off. Thus, during this time period, Plaintiff Angel generally worked seventy-two hours per week. Beginning on or about January 13, 2018, the Defendants changed Angel's schedule to 11:00 a.m. to 9:30 p.m. three days per week, and 5:00 p.m. to 10:00 p.m. on three other days per week, still without permitting him to take scheduled or uninterrupted breaks during his shifts, and this remained Angel's schedule

until his termination on September 13, 2018.  Thus, during this time, Angel generally worked forty-six and one-half hours per week.

22. Throughout his employment, Defendants paid Angel a flat salary per week regardless of the number of hours that he worked.  Specifically, from June 14, 2017 to January 12, 2018, Defendants paid Angel a flat salary of $480 per week.  From January 13, 2018 through February 2018, Defendants paid Angel a flat salary of $550 per week.  From March 2018 until May 2018, Defendants paid Angel a flat salary of $600 per week.  From June 2018 until Angel's termination in September 2018, Defendants paid Angel a flat salary of $550 per week.  The weekly salary that Defendants paid to Angel covered only forty hours of work in a week.  Thus, throughout his employment, Defendants did not pay Angel at any rate of pay, much less at the legally-required overtime rate of pay for any hours that he worked in a week in excess of forty.  Additionally, Defendants paid Angel, at certain periods, at an hourly rate that calculated below both the federally and New York state-mandated minimum wage.

23. By way of example only, during the week of July 1 through July 7, 2018, Defendants required Plaintiff Angel to work, and he did work, the following schedule:

Sunday, July 1, 2018: 1:48 p.m. until 10:22 p.m.;

Monday, July 2, 2018: Off;

Tuesday, July 3, 2018: 4:51 p.m. until 10:25 p.m.;

Wednesday, July 4, 2018: 3:54 p.m. until 10:12 p.m.;

Thursday, July 5, 2018: 11:44 a.m. until 10:40 p.m.;

Friday, July 6, 2018: 11:35 a.m. until 9:45 p.m.;

Saturday, July 7, 2018: 12:29 p.m. until 10:33 p.m.;

Thus, Angel worked a total of fifty-one hours and thirty-six minutes during this week.  For his work during this week, Defendants paid Angel his weekly salary of $550 for forty hours of work, and thus did not pay him anything for any of the hours that he worked this week over forty.

**Allegations Specific to Plaintiff Teofilo:**

24.     Throughout Plaintiff Teofilo's employment, Defendants scheduled Teofilo to work weekly schedules set in advance, however, as with Angel, his actual start and stop times also varied from day-to-day and were only loosely related to his pre-scheduled hours.  Specifically, from the beginning of his employment on June 14, 2017 until the beginning of October 2017, Defendants scheduled Teofilo to work, and he did generally work, from 5:00 p.m. to 11:00 p.m., without a scheduled or uninterrupted break during his shift, from Friday through Wednesday each week with Thursdays off.  Thus, during this time period, Teofilo generally worked thirty-six hours per week.  Beginning in or about early-October 2017 and continuing until May 7, 2018, Defendants changed Teofilo's schedule to 11:00 a.m. to 11:00 p.m., still without permitting him to take scheduled or uninterrupted breaks during his shifts, Friday through Wednesday each week with Thursdays off.  Thus, during this time, Teofilo generally worked seventy-two hours per week.  Then, on or about May 8, 2018, the Defendants changed Teofilo's schedule to 2:00 p.m. to 11:00 p.m., still without breaks, from Friday through Wednesday each week with Thursdays off, and this remained Teofilo's schedule until his termination on June 22, 2018.  Thus, during this time, Teofilo generally worked fifty-four hours per week.

25.     Throughout his employment, Defendants paid Teofilo a flat salary per week regardless of the number of hours that he worked.  Specifically, from June 14, 2017 until early-October 2017, Defendants paid Teofilo a flat salary of $180 per week.  From early-October 2017 through January 12, 2018, Defendants paid Teofilo a flat salary of $360 per week.  From January

13, 2018 until his termination on June 2018, Defendants paid Teofilo a flat salary of $450 per week.  The weekly salary that Defendants paid to Teofilo covered only forty hours of work in a week.  Thus, throughout his employment, Defendants did not pay Teofilo at any rate of pay, much less at the legally-required overtime rate of pay for any hours that he worked in a week in excess of forty.  Additionally, Defendants paid Teofilo at certain periods at an hourly rate that calculated below both the federally and New York state-mandated minimum wage.

26.     By way of example only, during the week of January 21 through January 27, 2018, Defendants required Teofilo to work, and Teofilo did work, the following schedule:

Sunday, January 21, 2018: 11:53 a.m. until 10:37 p.m.

Monday, January 22, 2018: 11:53 a.m. until 10:03 p.m.;

Tuesday, January 23, 2018: 11:58 a.m. until 9:08 p.m.;

Wednesday, January 24, 2018: 11:40 a.m. until 9:35 p.m.;

Thursday, January 25, 2018: Off;

Friday, January 26, 2018: 11:35 a.m. until 9:39 p.m.;

Saturday, January 27, 2018: 12:18 p.m. until 10:28 p.m.;

Thus, Teofilo worked a total of sixty hours and thirteen minutes during this week.  For his work during this week, Defendants paid Teofilo his weekly salary of $450 for forty hours of work, and thus did not pay him anything for any of the hours that he worked this week over forty.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime under the FLSA*

27.     Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

28. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay, or one and one-half times the minimum wage rate, if greater, for all hours worked exceeding forty in a workweek.

29. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiffs are employees within the meaning of the FLSA.

30. As also described above, Plaintiffs worked in excess of forty hours in a workweek, yet Defendants failed to compensate Plaintiffs in accordance with the FLSA's overtime provisions.

31. Defendants willfully violated the FLSA.

32. As a result, Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times Plaintiffs' regular rates of pay, or one and one-half times the minimum wage rate, if greater.

33. Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's overtime provisions.

### SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime under the NYLL and the NYCRR*

34. Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

35. NYLL § 160 and 12 NYCRR § 146-1.4 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay, or one and one-half times the minimum wage rate, if greater, for all hours worked exceeding forty in a workweek.

36. As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiffs are employees within the meaning of the NYLL and the NYCRR.

37. As also described above, Plaintiffs worked in excess of forty hours in a workweek, yet Defendants failed to compensate Plaintiffs in accordance with the NYLL's and the NYCRR's overtime provisions.

38. As a result, Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times Plaintiffs' regular rates of pay, or one and one-half times the minimum wage rate, if greater.

39. Plaintiffs are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's overtime provisions.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Minimum Wages under the FLSA*

40. Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

41. 29 U.S.C. § 206(a) prescribes a minimum wage that employers must pay to their employees for each hour worked.

42. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiffs are employees within the meaning of the FLSA.

43. As also described above, Defendants failed to compensate Plaintiffs in accordance with the FLSA's minimum wage provisions.

44. Defendants willfully violated the FLSA.

45. At the least, Plaintiffs are entitled to pay at the minimum wage rate for all hours worked each week.

46.     Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's minimum wage provisions.

### FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Minimum Wages under the NYLL and the NYCRR*

47.     Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

48.     NYLL § 652(1) and NYCRR § 146-1.2 prescribe a minimum wage that employers must pay to their employees for each hour worked.

49.     As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiffs are employees within the meaning of the NYLL and the NYCRR.

50.     As also described above, Defendants failed to compensate Plaintiffs in accordance with the NYLL's and the NYCRR's minimum wage provisions.

51.     At the least, Plaintiffs are entitled to pay at least at the minimum wage rate for all hours worked each week.

52.     Plaintiffs are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's minimum wage provisions.

### FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Violation of the NYLL's and the NYCRR's Spread of Hours Requirements*

53.     Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

54.     NYLL § 652 and 12 NYCRR § 146-1.6 provide that an employee shall receive one hour's pay at the minimum hourly wage rate for any day worked in which the spread of hours exceeds ten.

55. As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiffs are employees within the meaning of the NYLL and the NYCRR.

56. As also described above, Defendants failed to provide Plaintiffs with spread of hours pay for each day when Plaintiffs' spread of hours exceeded ten.

57. As a result, Plaintiffs are entitled to recover one hour's pay, at the minimum wage rate, for all days during which Plaintiffs' spread of hours worked exceeded ten.

58. Plaintiffs are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL and the NYCRR's spread of hours requirements.

### SIXTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Proper Wage Statements in Violation of the NYLL*

59. Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

60. NYLL § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

61. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiffs are employees within the meaning of the NYLL.

62. As also described above, Defendants failed to furnish Plaintiffs, on each payday, with wage statements that accurately contained all of the criteria required under the NYLL.

63. Pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiffs in the amount of $250.00 for each workday that the violation occurred, up to a statutory cap of $5,000.00.

### SEVENTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Proper Wage Notices in Violation of the NYLL*

64. Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

65. NYLL § 195(1) requires that employers provide employees with a wage notice at the time of hire containing accurate, specifically enumerated criteria.

66. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiffs are employees within the meaning of the NYLL.

67. As also described above, Defendants failed to furnish Plaintiffs with any wage notice at their time of hire, let alone one that accurately contained all of the criteria required under the NYLL.

68. Pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiffs in the amount of $50 for each workday after the violation occurred, up to a statutory cap of $5,000.00.

### DEMAND FOR A JURY TRIAL

69. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demand a trial by jury on all claims in this action.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment against Defendants as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b. All damages that Plaintiffs have sustained as a result of Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiffs would have received but for Defendants' unlawful payment practices;

      c.      Liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL;

      d.      Awarding Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and other costs;

      e.      Pre-judgment and post-judgment interest, as provided by law; and

      f.      Granting Plaintiffs such other and further relief as this Court finds necessary and proper.

Dated: Garden City, New York
       December 11, 2019

Respectfully submitted,

BORRELLI & ASSOCIATES, P.L.L.C.
*Attorneys for Plaintiffs*
910 Franklin Avenue, Suite 200
Garden City, New York 11530
Tel.   (516) 248-5550
Fax.   (516) 248-6027

By: _____
ALEXANDER T. COLEMAN (AC 1717)
MICHAEL J. BORRELLI (MB 8533)